[Doc. No. 49]

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| JILL DELCONTE,<br><br>           Plaintiff,<br>   v.<br><br>MONROE TOWNSHIP BOARD OF<br>EDUCATION, et al.<br><br>           Defendants. | Civil No. 19-13731 (RBK/JS) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on defendants George Caruso, Charles Earling, and Monroe Township Board of Education's (collectively, "defendants") "Motion to Disqualify Plaintiff's Counsel" ("Motion") [Doc. No. 49]. The court is asked to decide if plaintiff's counsel can simultaneously represent two co-employees who sued the same target defendant. The Court received plaintiff's opposition[1] [Doc. No. 55] and defendants' reply [Doc. No. 56] and recently held oral argument. For the reasons to be discussed, defendants' motion is DENIED.

---

[1] In addition to plaintiff's opposition brief, plaintiff submitted affidavits from DelConte and Yoder for the Court's in camera review. See Doc. No. 53. In reaching its decision, the Court did not rely on the contents of the affidavits except the averments making it apparent that DelConte and Yoder consent to Pescatore's representation with full knowledge about the details of defendants' motion to disqualify.

**Background**

Jill DelConte ("plaintiff"), through her attorney Richard M. Pescatore, Esquire ("Pescatore"), originally filed this action in the Superior Court of New Jersey on May 29, 2019 against the District of Monroe Township Board of Education ("District"), Charles Earling, George Caruso, and John Does 1-10. See Notice of Removal Ex. A [1-3]. In her complaint, plaintiff alleges defendants violated 42 U.S.C. §§ 1983, 1985, and 1988 by engaging in conduct which violated her rights under the First and Fourteenth Amendments of the U.S. Constitution. Id. at ¶ 15. Plaintiff alleges defendants unlawfully demoted her as Principal of Williamstown High School for reasons of political affiliation and speech. Id. Plaintiff's complaint further alleges defendants' conduct violated the New Jersey Civil Rights Act. Id. at ¶ 18. As part of the relief requested, plaintiff seeks reinstatement to her former position as Principal of Williamstown High School. Id. On June 13, 2019, defendants removed the case to federal court. See Notice of Removal [Doc. No. 1]. On July 31, 2019, plaintiff amended her complaint to include an additional allegation of an adverse employment action. Doc. No. 9. Plaintiff's amended complaint alleges defendants lowered her interview scores when she applied for the District's Assistant Superintendent position because of her political affiliation. Id. Plaintiff's second amended complaint was filed on January 8, 2020. Doc. No. 25.

On May 13, 2020, Pescatore filed a complaint in state court on behalf of Catherine Yoder ("Yoder"), another District employee, against the District and its Superintendent, Dr. Richard Perry. See Opp'n Br. at 3 [Doc. No. 55]. Yoder's complaint alleges Perry retaliated against her and violated her rights protected by CEPA and the New Jersey Constitution after she reported unlawful conduct of supervisory personnel. Id. Yoder also alleges she was passed over for the principal position at Williamstown High School, demoted from the acting principal position, and replaced with someone less qualified. Id.

On June 8, 2020, defendants' counsel sent a letter to Pescatore stating there was a possible conflict in his representation of DelConte. See Defense Exhibit L [Doc. No. 51]; see also Opp'n Br. at 4. Defendants' counsel alleged that Pescatore's representation of Yoder and DelConte presented a conflict because both clients were District employees and had similar claims for relief. Id. Immediately after being advised that Yoder's complaint included a claim for reinstatement, Yoder amended her complaint and removed the request for reinstatement. Id. On June 9, 2020, the parties met with the Court to discuss the potential conflict. The Court Ordered defendants to file a motion if they requested to disqualify plaintiff's counsel. Doc. No. 48. The case is presently stayed until defendants' motion is decided.

As discussed, defendants move to disqualify Pescatore and his law firm from representing plaintiff due to his dual representation of plaintiff and Yoder. Defendants allege Pescatore's concurrent representation of DelConte and Yoder is a conflict that violates New Jersey's Rule of Professional Conduct ("RPC") 1.7(a). Defendants claimed in their motion that when DelConte was transferred from the Williamstown High School Principal position to the Principal position at Radix Elementary, she was replaced by Yoder who was named acting principal of the high school. Id. at 9. Defendants allege the position was later filled by Jeffrey Johnson and Yoder resumed her position as Assistant Principal. Id. Therefore, defendants allege, DelConte's allegation that she was replaced by an individual with lesser qualifications necessarily includes Yoder. Id. Defendants also claim a conflict exists because Yoder and DelConte applied for the District's Assistant Superintendent position which DelConte alleges she did not receive because of her political affiliation. Id. at 10. Defendants allege Pescatore's representation of DelConte will be directly adverse to Yoder and there is a significant risk that his representation of DelConte will be materially limited by his responsibilities to Yoder. Id. at 19. Defendants further allege Pescatore does not know how DelConte and Yoder will respond when they are cross examined and deposed by defendants, and asked whether they were the most qualified person for the District's Assistant

4

Superintendent position and the Williamstown High School Principal position. Reply Br. at 12. Last, defendants allege that DelConte will not be prejudiced by Pescatore's disqualification as counsel because the case is in its early stages. Id. at 27-29.

In opposition, plaintiff alleges defendants' motion should be denied because defendants have failed to meet their burden of proof as there are no facts to support the existence of a concurrent conflict under RPC 1.7. Opp'n Br. at 15. Plaintiff claims Pescatore's representation of Yoder in her state court matter and DelConte in this matter "does not and will never present a circumstance where 'representation of one client will be directly adverse to another client.'" Id. at 1. Plaintiff alleges that nowhere in the record does DelConte or Yoder allege that "less qualified individuals" related to anyone other than Jeffrey Johnson for DelConte and Angelo DeStefano for Yoder. Id. at 5. Plaintiff alleges defendants are incorrect when they state that Yoder was named "interim principal" after DelConte was removed as principal of Williamstown High School.[2] Id. at 7. Plaintiff further alleges that DelConte's allegation regarding the manipulation of interview scores has nothing to do with Yoder. Id. at 10. Plaintiff claims that by the time DelConte's scores were manipulated, Yoder

---

[2] At oral argument, it was clarified that the correct chronological order for the Williamstown High School principal position is as follows: DelConte, Jeffrey Johnson, Yoder as "acting" principal, and Angelo DeStefano.

5

voluntarily withdrew her application for the position. Id. Plaintiff also claims Yoder does not seek reinstatement, therefore, no claim for relief that DelConte makes or seeks is adverse to Yoder. Id. at 2. Therefore, plaintiff alleges the extent of Yoder's involvement in the case is as a witness, Yoder's testimony is favorable, and her claims do not involve conduct over which Yoder had any control or involvement. Id.

**Discussion**

In the District of New Jersey, issues regarding professional ethics are governed by L. Civ. R. 103.1(a). This Rule provides that the Rules of Professional Conduct of the American Bar Association, as revised by the New Jersey Supreme Court, shall govern the conduct of members of the bar admitted to practice in the District. See L. Civ. R. 103.1(a); Carlyle Towers Condo. Ass'n, Inc. v. Crossland Sav., FSB, 944 F. Supp. 341, 344-45 (D.N.J. 1996). When deciding a motion to disqualify counsel, the movant bears the burden of proof that disqualification is appropriate. City of Atlantic City v. Trupos ("Trupos"), 201 N.J. 447, 462-63 (2010); Maldonado v. New Jersey, ex rel. Admin. Office of Courts-Prob. Div., 225 F.R.D. 120, 136-37 (D.N.J. 2004). The movant's burden is a heavy one since "[m]otions to disqualify are viewed with 'disfavor' and disqualification is considered a 'drastic measure which courts should hesitate to impose except when absolutely necessary.'" Alexander v. Primerica Holdings, Inc., 822

6

F. Supp. 1099, 1114 (D.N.J. 1993) (quoting Schiessle v. Stephens, 117 F.2d 417, 420 (7th Cir. 1983) (internal quotation marks and citation omitted)); Carlyle Towers, 944 F. Supp. at 345.

Nevertheless, "a motion for disqualification calls for [courts] to balance competing interests, weighing the need to maintain the highest standards of the profession against a client's right freely to choose his counsel." Trupos, 201 N.J. at 462 (citing Dewey v. R.J. Reynolds Tobacco Co., 109 N.J. 201, 218 (1988)). In weighing this balance, the Court is mindful that "there is no right to demand to be represented by an attorney [or law firm] disqualified because of an ethical requirement." Id. (citation omitted). When determining whether to disqualify counsel, the Court must closely and carefully scrutinize the facts to prevent unjust results. Montgomery Acad. v. Kohn, 50 F. Supp. 2d 344, 349 (D.N.J. 1999). In Steel v. Gen. Motors Corp., 912 F. Supp. 724, 733 (D.N.J. 1995) (citation omitted), the court noted its balancing "involves a 'painstaking analysis of the facts and precise application of precedent.'"

RPC 1.7(a) provides, "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest." N.J. Court Rules, RPC 1.7(a). "A concurrent conflict of interest exists if: (1) the representation of one client will be directly adverse to another client; or (2) there is a significant risk that the representation of one or more clients will be materially

limited by the lawyer's responsibilities to another client . . . ." Id. However, RPC 1.7(b) permits a lawyer to represent a client when a concurrent conflict of interest exists if:

> (1) each affected client gives informed consent, confirmed in writing, after full disclosure and consultation ... [w]hen the lawyer represents multiple clients in a single matter, the consultation shall include an explanation of the common representation and the advantages and risks involved; (2) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client; (3) the representation is not prohibited by law; and (4) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.

N.J. COURT RULES, RPC 1.7(b). With respect to the lawyer's reasonable belief that the representations may continue, the test is a combined subjective and objective standard. Not only must the attorney actually believe that the client relationship will not be adversely affected, that belief must be reasonable under the circumstances. See Whitman v. Estate of Whitman, 259 N.J. Super. 256, 263 (Law Div. 1992).

The Court finds there is no conflict of interest with regard to Pescatore's representation of DelConte and Yoder. Therefore, defendants' motion will be denied. As an initial matter, DelConte and Yoder present separate and unrelated claims. DelConte alleges she was removed as principal of Williamstown High School because of her political affiliation while Yoder alleges she was not selected as the principal of the school years after DelConte was removed. The only similarities between their claims is that they both allege they were wronged by the District. This does not create a conflict. Importantly, the record indicates that DelConte's claim that she was replaced by someone "less qualified" relates to Jeffrey Johnson while Yoder's claim relates to being replaced by Angelo DeStefano. Thus, contrary to the crux of defendants' argument, DelConte and Yoder do not need to compare their qualifications to each other.

Defendants' allegation that a conflict exists because Yoder and DelConte both applied to be the District's Assistant Superintendent is not determinative. The record indicates that Yoder removed herself from consideration before DelConte's application was considered. Thus, there is no need to compare the qualifications of DelConte to Yoder. This being the crux of defendants' conflict argument, their motion must fail. Based on their different liability allegations, and the fact that Yoder did not replace DelConte and vice versa, there is no need for DelConte

9

or Yoder to impeach each other's performance or qualifications. Therefore, DelConte and Yoder's interests are not adverse, nor do they create a risk that Pescatore's representation of either one will be materially limited.

Defendants' arguments for why a conflict exists are based on conjecture which is not a sufficient basis upon which a disqualification motion may be granted. Instead, an actual conflict must exist, not speculation about what may exist in the future. See Reddy v. Patel, Civil Action No. 16-8256, 2019 WL 5677779, at *12 (D.N.J. Nov. 2019). An instructive case is Reddy. In Reddy, defendant and third-party plaintiff Ghanshyam Patel ("Sam") filed a motion to disqualify Archer & Greiner, P.C. ("Archer Law") from the representation of defendant Atul K. Patel ("Atul") and defendant Dharmendra Barot ("Barot") (collectively, "defendants"). Reddy, 2019 WL 5677779, at *2. Plaintiff filed an action against defendants and Sam pursuant to 28 U.S.C. § 1441. Id. at *3. Sam filed an answer to the complaint and filed a third-party complaint against defendants and asserted cross claims against East Hanover Hotel and Conference Hospitality LLC ("Hospitality"). Id. Sam's claims included breach of contract, membership oppression, breach of fiduciary duties and fraud. Id. Hospitality filed its answer to Sam's crossclaims and stated that Sam was not a member of Hospitality. Id. at *4. In bringing its motion, Sam did not argue that he was individually represented by

10

Archer Law, but rather that Archer Law represents, and represented, the entities Sam was seeking to bring a derivative claim on behalf of as an alleged minority member. Id. at *10. The Court held that "a New Jersey court [should] not disqualify counsel based on a potential conflict." Id. at *11. The court further held it was undisputed that Atul and Barot held an interest in Hospitality; however, Sam's interest was disputed by defendants and Hospitality. Id. at *12. As a result, the court held Sam's argument was premature and refused to disqualify Archer Law based on a potential conflict that may or may not arise. Id. The court held that Sam failed to meet his burden to establish that disqualification of Archer Law was appropriate and denied Sam's motion. Id.

Like in Reddy, defendants have not met their burden of proving a conflict of interest exists. Defendants' argument boils down to the position that a conflict of interest "may" arise. For example, defendants allege a conflict may arise when Yoder is cross examined or deposed by defendants. These types of arguments are speculative and insufficient to warrant disqualification. The disqualification of counsel is a "drastic measure" that should only be granted when warranted by existing not possible conditions. See Alexander, 822 F. Supp. at 1114. Likewise, the fact that Yoder and DelConte may be witnesses in each other's cases is insufficient by itself for the Court to conclude a conflict exists.

Defendants primarily rely on <u>Bosire</u> and <u>Cendant</u> to argue that Pescatore should be disqualified. <u>See</u> Mot at 19-23; <u>see also</u> <u>Bosire v. Passaic Cty.</u>, 2016 U.S. Dist. LEXIS 28008, at *5; <u>In re Cendant Securities Litigation</u>, 124 F.Supp.2d 235, 242 (D.N.J. 2000). In <u>Bosire</u>, plaintiff filed a motion to disqualify defendants' counsel from representing non-party Lynn Pappas-Toledo ("Ms. Pappas-Toledo") and defendant Irene Jessie-Hunte ("Jessie-Hunte"). <u>Bosire</u>, 2016 U.S. Dist. LEXIS 28008, at *2. The plaintiffs, Ms. Pappas-Toledo, and defendant Jessie-Hunte, were employed by the Passaic County Department of Health ("the County"). <u>Id</u>. Defense counsel represented Ms. Pappas-Toledo and defendant Jessie-Hunte. <u>Id</u>. In support of their motion, plaintiffs contended that discovery revealed that Ms. Pappas-Toledo not only observed Jessie-Hunte's abusive behavior but was also subjected to such in the form of "ongoing harassment and disparate treatment." <u>Id</u>. at *3. As a result, plaintiffs alleged defense counsel should be disqualified from representing Ms. Pappas-Toledo and Jessie-Hunte because of the manifest conflict with respect to the County's interest and defenses. <u>Id</u>. at **3-4. The court held that plaintiffs demonstrated that "in view of the totality of circumstances, there are plain and interwoven conflicts . . . that warrant the disqualification sought." <u>Id</u>. at *6.

In Cendant, the law firm of Paul, Weiss, Rifkind, Wharton & Garrison ("Paul Weiss") sought to represent two clients despite a direct conflict of interest under RPC 1.7(a). Paul Weiss represented Amy Lipton ("Lipton") who became the Deputy Counsel and Executive Vice-President of Cendant after CUC merged with HFS to form Cendant in 1997. Cendant, 124 F.Supp.2d at 237. Lipton was named as the defendant in one of the many lawsuits brought against Cendant until she was dismissed by the court for lack of personal jurisdiction. Id. at 237. Since then, Lipton was served with a subpoena requesting documents relating to various aspects of the alleged fraud in the matter and was represented by Paul Weiss with regard to her response to the subpoena. Id. Ernst & Young ("E&Y") was the accounting firm that brokered the merger that precipitated the lawsuits. Id. at 238. E&Y was represented by Theodore Wells ("Wells"), who was then a member of Lowenstein Sandler, P.C. ("Lowenstein Sandler"). Id. at 237-38. A conflict arose when Wells left Lowenstein Sandler and took his practice to Paul Weiss, which was already representing Lipton. Id. at 238. E&Y filed a motion for declaratory judgment that Wells may represent E&Y even though he left Lowenstein Sandler and now worked at Paul Weiss who also represented Lipton in the matter. Id. at 237. The court held that Lipton's testimony was adverse to E&Y because of the nature of her former position at Cendant and to the extent that she was

13

expected to testify about the alleged wrongdoing of E&Y. Id. at 243. The court further held that Wells' representation of E&Y was a violation of RPC 1.7(a) and that without Lipton's informed consent, Paul Weiss may not represent E&Y under RPC 1.7(a) and (b). Id. at 244.  As a result, the court denied E&Y's motion for a declaratory judgment. Id. at 250.

The facts of both cases are distinguishable. In Bosire and Cendant, there was an actual and clearly identifiable conflict of interest. In Bosire, for example, an actual conflict existed because counsel represented defendant and a witness who was going to testify about defendant's improper conduct as well as her experience as a victim of his conduct. In Cendant, the court agreed that there was a clear conflict of interest because Paul Weiss sought to represent a defendant and at the same time represent a witness who was going to testify against the defendant's interest. Therefore, in both Bosire and Cendant, the potential witnesses were directly adverse to counsel's client. In this case, DelConte and Yoder do not have adverse interests and Yoder's testimony will not be adverse to DelConte. Defendants allege a conflict is likely to arise because DelConte's claim that she was replaced with someone less qualified includes Yoder. However, as plaintiff's opposition and the affidavits provided by Yoder and DelConte make clear,

14

DelConte will compare her qualifications to Jeffrey Johnson, not Yoder.

Because no conflict exists, a RPC 1.7(b) waiver analysis is unnecessary. However, for purposes of completeness, even if a conflict existed defendants' motion would still be denied. Defendants allege in their motion that a potential conflict cannot be waived because a public entity such as the District cannot waive a conflict. Mot. at 15. Pursuant to RPC 1.7(b), however, only Yoder and DelConte are required to waive a potential conflict because they are Pescatore's clients. The case law cited by defendants is inapposite given that Pescatore does not represent the District. Further, any potential conflict has been waived pursuant to RPC 1.7(b). As set forth in their affidavits, DelConte and Yoder have provided their informed consent in writing after full disclosure. Further, Pescatore reasonably believes he will be able to provide competent and diligent representation to Yoder and DelConte. The Court finds his belief is objectively reasonable under the circumstances. See Whitman, 259 N.J. Super. at 263. In addition, Pescatore's actual representation is not prohibited by law. Thus, if a conflict did exist, it has been sufficiently consented to pursuant to RPC 1.7(b).

**Conclusion**

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 16th day of October 2020, that defendants' "Motion to Disqualify Counsel" [Doc. No. 49] is DENIED.

s/Joel Schneider
JOEL SCHNEIDER
United States Magistrate Judge
